IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DEBRA L. CHISHOLM,

             Plaintiff,

vs.                              Case No. 13-1276-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

             Defendant.


MEMORANDUM AND ORDER


    Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 30). The motion has been fully briefed by the parties.

I. General legal standards

    The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the

benefit ... sought in bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

II. Reasonableness of EAJA request

Defendant is requesting attorney's fees for 54.55 hours at a rate of $185.48 per hour. As noted above, the party seeking the fees has the burden to show that the hourly rate and the number of hours is reasonable.

As this court has indicated in the past, the typical EAJA fee application in social security cases is between 30 and 40 hours. Thus, courts in this district have not hesitated to disallow hours over 40 as unreasonable in routine EAJA social security cases. Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug. 28, 2007). However, this court has permitted an award of 76.75 hours upon finding that the amount of time documented was reasonably necessary to accomplish the tasks

listed. Masenthin v. Barnhart, 2005 WL 1863146 at *3-4 (D. Kan. July 21, 2005). Courts in this district have recently approved 67.86 hours of attorney time, noting a record of more than 1,000 pages, Sommerville v. Astrue, 555 F. Supp.2d 1251, 1254 (D. Kan. 2008), and have found that 53.75 hours was reasonably expended (a reduction from a request of 65.75 hours), Farmer v. Astrue, 2010 WL 4904801 at *1-3 (D. Kan. 2010). In the case of Linder v. Astrue, Case No. 09-1210-SAC (D. Kan. June 21, 2011, Doc. 36) this court found that 54.10 hours was reasonably expended (a reduction from a request of 68.55 hours). In the case of Bonzo v. Astrue, Case No. 11-2275-SAC (D. Kan. May 23, 2012, Doc. 23), this court found that 44 hours was reasonably expended (a reduction from a request of 56.90 hours). Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983).

The record in this case only consisted of 423 pages. Plaintiff's counsel wrote a 28 page brief and a 19 page reply brief. The issues raised were not unusually difficult or complicated. Plaintiff's counsel spent 30.1 hours writing the initial brief and 19.75 hours to write the reply brief. Plaintiff's counsel spent the remaining time reviewing the complaint, conferring with the client, reviewing the decision of the court, and preparing the EAJA application.

The court finds that only 9 hours was needed for the research and writing of the reply brief. The court finds that a reasonable time was expended in preparing the initial brief and the other tasks set forth in the affidavit. The court therefore finds that 43.8 hours was reasonably expended in presenting this case to the court. The court also finds that the hourly rate of $185.48 is reasonable. Therefore, a reasonable attorney's fee pursuant to the EAJA is $8,124.02 (43.8 hours x 185.48 per hour).

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (Doc. 30) is granted in part, and the Commissioner is ordered to pay plaintiff an attorney fee in the amount of $8,124.02.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 5th day of February 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge